IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JON L. WOMACK                                                    PLAINTIFF

v.                              No. 2:15-CV-02191

CAROLYN COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

## O R D E R

Plaintiff, Jon L. Womack, appealed the Commissioner's denial of benefits to the Court. On October 18, 2016, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). (Doc.16). Plaintiff has filed a motion (Doc. 17) asking for a total award of $4,703.10 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 14.90 attorney hours of work performed before the Court in 2015, and 8.60 attorney hours of work performed in 2016, at an hourly rate of $187.00 and $188.00, respectively, and 4 paralegal hours for work performed in 2015 and 2016. Defendant filed a response to Plaintiff's request, stating that she does not object to Plaintiff's requests, except to the request that the EAJA award be made payable to her attorney. (Doc.19).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the

1

case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood*, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the Court may reduce the award accordingly. *Hensley*, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $187.00 for

14.90 attorney hours spent in 2015 and $188.00 for 8.60 attorney hours spent in 2016, and 4 paralegal hours, which he asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Hensley*, 461 U.S. at 437.  Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Pursuant to General Order 39,[1] which references the Consumer Price Index (CPI) – South, the Court finds that an enhanced hourly rate based on a cost of living increase is appropriate, and counsel will be compensated at the attorney rate of $187.00 per hour and $188.00 per hour, respectively, for work done in 2015 and 2016.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 14.90 attorney hours for work performed in 2015 and 8.60 attorney hours for work performed in 2016, at an hourly rate of $187.00 and $188.00, respectively, plus 4.00 paralegal hours at an hourly rate of $75.00, for a **total attorney's fee award of $4,703.10.**  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.  Based upon the holding in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to

---

[1] Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figures rounded to the nearest dollar:
     2015 - 228.451 x 125 divided by 152.4 (March 1996 CPI-South) = $187.38/hour - $187.00
     2016 - 229.581 x 125 divided by 152.4 (March 1996 CPI-South) = $188.30/hour - $188.00

prevent double recovery by counsel for the Plaintiff.

DATED this 30th day of January, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

4